**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-23469-ELFENBEIN

**SAUL CIMBLER**,

       Plaintiff,

v.

**ELEVENTH JUDICIAL CIRCUIT**
**OF FLORIDA**, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.[1] *Pro se* Plaintiff Saul Cimbler filed a Verified Complaint for Declaratory and Injunctive Relief against Defendants the Eleventh Judicial Circuit of Florida, the Honorable Migna Sanchez Llorens, the Honorable Ariana Fajardo Orshan, and Aileen Simpson. *See generally* ECF No. [1]. Plaintiff sues the three individual Defendants, two of whom are Eleventh Judicial Circuit judges and one of whom is the ADA Coordinator for the Eleventh Judicial Circuit, in their official capacities only. *See generally* ECF No. [1]. Plaintiff filed the Complaint on August 1, 2025, *see* ECF No. [1], but he never asked the Clerk of Court to issue any summonses. As explained below, the Court extended Plaintiff's original service deadline, which was October 30, 2025, three times. *See* ECF No. [8]; ECF No. [10]; ECF No. [14]; ECF No. [18]. Most recently, the Court granted in part and denied in part Plaintiff's Amended Motion for Extension of Time to Serve the Complaint (the "Motion"), ECF

---

[1] Pursuant to Administrative Order 2025-11, which applies to cases that include as a party "a non-prisoner pro se" litigant, this case was assigned to me as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment.

No. [17], providing him thirty additional days to serve Defendants.  *See* ECF No. [18].  The deadline has long passed, and Plaintiff has still not effectuated service of process.

Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendants within 90 days after filing the Complaint.  *See* Fed. R. Civ. P. 4(m).  Plaintiff filed the Complaint on August 1, 2025, *see* ECF No. [1], so he was required to serve Defendants by October 30, 2025, *see* Fed. R. Civ. P. 4(m).  As of October 1, 2025, there was no indication in the court file that Plaintiff had served Defendants as required by Rule 4(m), so the undersigned ordered him to "either properly serve Defendants or show good cause as to why he has not."  *See* ECF No. [8] at 3.  The undersigned also warned Plaintiff that "[f]ailure to file proof of service or to show good cause by October 30, 2025 may result in the undersigned issuing a Report and Recommendation recommending the dismissal without prejudice of Plaintiff's action against Defendants."  *See* ECF No. [8] at 2.

On October 31, 2025, Plaintiff filed his Response to Order to Show Cause (the "Response").  *See* ECF No. [9] at 1.  In his Response, Plaintiff cited "cascading medical issues escalating since August 2025," and other medical complications, as well as "other professional obligations" before requesting a thirty-day extension to serve Defendants.  *See* ECF No. [9] at 1-2.  The Court granted Plaintiff's request for a thirty-day extension and ordered him to effectuate service of the complaint on Defendants by November 29, 2025.  *See* ECF No. [10].  Then on December 2, 2025, Plaintiff filed a Motion for Extension of Time to Serve and for Leave to File Streamlined Amended Complaint (the "Motion"), this time requesting a sixty-day extension of time. *See* ECF No. [11] at 3.  The Court denied the Motion without prejudice for failing to comply with Local Rule 15.1 but indicated that Plaintiff was free to refile the Motion with the Amended Complaint attached.  *See* ECF No. [12].  Plaintiff then filed an Amended Motion for Extension of

Time to Serve Complaint and Supplemental Motion for Extension of Time (the "Amended Motion for Extension of Time") on January 6, 2026, asking the Court for an extension of "forty-five (45) days from January 9, 2026." *See* ECF No. [17].  Plaintiff cited his "significantly overwhelming" medical issue as part of the reason for requesting the additional extension. *Id*. at 1.  This Court granted in part and denied in part the Amended Motion for Extension of Time, noting that while sympathetic to Plaintiff's health difficulties and medical needs, it already extended Plaintiff's deadline twice, but allowed him an extra thirty days to serve. *See* ECF No. [18].  The Court ordered Plaintiff to serve Defendants no later than February 9, 2026. *Id*.  This deadline has long passed, and Plaintiff has still not served the Defendants.

As Rule 4(m) explains, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See* Fed. R. Civ. P. 4(m).  The undersigned ordered that service be made within a specified time on four different occasions. *See* ECF No. [8], ECF No. [10], ECF No. [14], ECF No. [18].  Despite multiple opportunities, Plaintiff did not serve Defendants, nor did he provide proof of service.  As a result, there is only one option left under Rule 4(m) now that Plaintiff has been given the required notice: to "dismiss the action without prejudice against" all Defendants. *See* Fed. R. Civ. P. 4(m). Accordingly, I respectfully **RECOMMEND** that:

1. The Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** as to all Defendants; and

2. If the Court adopts this Report and Recommendation, I further recommend that the Clerk of Court **CLOSE** the case and terminate all deadlines.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge.  Failure to timely file objections shall bar the Parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on March 16, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:      All Counsel of Record